Louis GOLDSTEIN, Defendant
Below, Appellant,

v.

MAYOR AND COUNCIL OF the CITY
OF WILMINGTON, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted May 11, 1982.

Decided June 18, 1982.

Francine S. Gritz (Argued) and Victor F. Battaglia of Biggs & Battaglia, Wilmington, for defendant-appellant.

Jerome M. Capone (Argued), First Asst. City Sol., Wilmington, for plaintiff-appellee.

Before HERRMANN, Chief Justice, and McNEILLY and QUILLEN, JJ.

PER CURIAM:

The defendant, Louis Goldstein, was convicted in Municipal Court in May 1980 of a charge under Section 124.1 of the City Building Code in that he permitted 807 North VanBuren Street to exist in an open and vacant condition on April 11, 1980. He appealed to the Superior Court and was convicted again in September 1981 in a trial *de novo* before a jury. The defendant brings this appeal from his conviction in the Superior Court.

We rely practically verbatim on the briefs for the facts. The property in question was sold for unpaid taxes at a Sheriff's sale on December 11, 1979. The building on the property was vacant and unsecured at the time of the sale and remained open at all times relevant to this case.

The defendant was the successful bidder on the property at the Sheriff's sale, paying Seven Thousand Seven Hundred Dollars ($7,700.00) for the property. Francis Cole, an employee of the Sheriff's Office who worked at this particular Sheriff's sale, recorded on the Sheriff's records that Louis Goldstein, the defendant, was the successful purchaser. Mr. Cole issued a receipt to the defendant as "Louis Goldstein, Atty." According to Mr. Cole's testimony, he had no way of telling whether Louis Goldstein was acting for anyone other than himself when he made the purchase.

Several months after the Sheriff's sale, on March 11, 1980, Francis Stawicki, a Code Enforcement Officer for the City Department of Licenses and Inspection, inspected the property and found building code violations existing, in that the building was vacant and unsecured (in violation of Section 124.1 of the City Building Code). He sent a violation notice and order to the defendant, addressed to the defendant's law office. The defendant's secretary received the notice. The notice ordered him to secure all openings and attend a hearing, which was scheduled for March 26, 1980. The defendant did not attend the hearing nor did he correct the code violations.

The defendant was charged and convicted in Municipal Court of violating the City Building Code and he appealed to Superior Court. The Superior Court trial was originally scheduled for August 13, 1981. On July 31, 1981, Steven Goldstein, Esq., a son of the defendant and a resident of Washington, D. C., filed a petition for a Sheriff's deed. A Sheriff's deed was signed conveying the property to Steven Goldstein the same day. The trial was subsequently postponed until September 22, 1981. During the Superior Court trial, on September 23, 1981, the defendant testified that he bid on the property at Sheriff's sale on behalf of his son, Steven.

The Wilmington City Code adopts the 1975 BOCA Basic Building Code published by Building Officials Conference of America, Inc. An "owner" is responsible under the particular criminal provision involved in this case. "Owner" is defined as "any person, agent, or firm or corporation having a legal or equitable interest in the property." The Superior Court instructed the jury, "as a matter of law, that under this particular ordinance, an attorney acting for an undisclosed principal or client would be regarded as [sic] law as an equitable owner under the definition of ownership" used in the Code.

The defendant, who had argued to the Superior Court that, since he had acted as attorney for his son, he had no interest in the property and therefore was not an "owner", took exception to the ruling and

the charge. He appeals to this Court on this sole basis. We think the ruling and the charge of the Trial Judge were clearly correct and we affirm.

Two reasons independently dictate the result, one purely legal and one of legal interpretation as to legislative intent.

First, as a pure legal proposition, a purchaser of real property at a Sheriff's sale acquires an equitable interest in the property prior to the actual receipt of the deed. 2 *Woolley on Delaware Practice*, § 1148, p. 797; *Colt Lanes of Dover v. Brunswick Corp.*, Del.Supr., 281 A.2d 596, 600 (1971). Louis Goldstein made the purchase in his own name and, if he was acting as agent for his son, he became a trustee holding the property for his son. Compare *Restatement Agency 2d*, § 414(2) and *In re Goldstein*, Del.Supr., 85 A.2d 361, 363 (1951). Since the deed had not been executed, the Superior Court correctly described Louis Goldstein's interest as trustee as equitable. Thus, the Superior Court was correct as a legal matter, pure and simple.

Second, even if there be any question in the statute, which we do not find, it is the manifest intent of the City Council that there be a ready means to enforce the Building Code for the health, safety and welfare of the public. Obviously, someone must be responsible for the property and Louis Goldstein was the only person with any interest noted on a public record at the time the charge was brought. Given the intent of the ordinance, the context clearly requires the construction that he be a "person [or] agent having an equitable interest in the property" for the purposes of this ordinance.

The judgment of the Superior Court is affirmed.